IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARRY A. LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>SPIRIT AEROSYSTEMS, INC.,<br><br>Defendant. | Case No. 6:18-cv-01100-EFM-ADM |

**DECLARATION OF JEFF STONEKING IN SUPPORT OF DEFENDANT'S MOTION
TO SHIFT COSTS OF TECHNOLOGY ASSISTED REVIEW
OF ESI TO PLANITIFF**

I, Jeff Stoneking, declare as follows:

1. I submit this declaration in connection with the Motion to Shift Costs of Technology Assisted Review of ESI to Plaintiff (the "Motion"), filed by Defendant Spirit AeroSystems, Inc. ("Spirit") in the above-captioned lawsuit.

2. I have personal knowledge of the facts set forth in this Declaration.

3. I am a Senior eDiscovery Consultant with Legility, Inc. ("Legility"), formerly known as DSi, Document Solution, Inc. Legility is a full service litigation support firm that provides services such as digital forensics, early case assessment, data processing, data hosting, electronic discovery, technology assisted review ("TAR"), and consulting for legal matters of all sizes.

4. I have been in the litigation technology field since 2006, and I have extensive experience in all phases of electronic data discovery and digital forensics. I have consulted on and/or managed the e-discovery process for hundreds of matters in federal and state courts across

**DECLARATION OF JEFF STONEKING IN SUPPORT OF DEFENDANT'S MOTION TO SHIFT COSTS
OF TECHNOLOGY ASSISTED REVIEW OF ESI TO PLANITIFF** – Page 1

the country, ranging from small disputes to nationwide class actions.

5. I incorporate by reference herein the Declaration I submitted in connection with Defendant's Response in Opposition to Plaintiff's Motion to Compel, dated April 2, 2019. (Dkt. 72-13.)

6. Spirit informed Legility of the Court's April 26, 2019 Order and the ESI Protocol set forth therein.

7. In May 2019, Spirit provided Legility with Lawson's lists of 10 selected custodians, as well as Lawson's concurrently proposed search terms (the "Second List of Search Terms"). In all, Lawson provided 803 search terms to be applied across his 10 selected custodians. Legility processed and hosted each custodians' ESI, and ran Lawson's Second List of Search Terms again those files. These files consisted of 1,757,727 documents (1,203,219 documents after deduplication).

8. Running Lawson's Second List of Search Terms against the 1,203,219 documents resulted in 304,272 documents, and 468,595 documents when including families.

9. Of the 304,272 documents, Legility's processing tool generated a random sample of 384 documents. Each of these documents was reviewed and it was determined that the responsiveness rate was 7.8%.

10. In June 2019, Spirit informed Legility of the Court's June 7, 2019 Order, which required the search terms proposed by Lawson to be limited to 25 search terms per custodian.

11. In or about early July 2019, Spirit provide Legility with Lawson's third list of proposed search terms and an amended version of Lawson's third list of proposed search terms (the "Third List of Search Terms"). The Third List of Search Terms provided 25 search terms for each of Lawson's 10 selected custodians.

12. Running Lawson's Third List of Search Terms against the ESI of Lawson's 10 selected custodians resulted in 198,902 documents, and 322,524 documents when including families.

13. Legility's processing tool then generated 10 random samples of 384 documents, one for each of Lawson's selected custodians. Each of these documents was reviewed and it was determined that the responsiveness rates ranged from 0.5% to 13.5%. The average responsiveness rate for the 10 custodians was 5.1%. The responsiveness rates per custodian are as follows:

    i. Duane Hawkins – 8% responsive

    ii. James Cocca – 13.5% responsive

    iii. Kevin Matthies – 3.1% responsive

    iv. Krisstie Kondrotis – 3.6% responsive

    v. Michelle Lohmeier – 2.6% responsive

    vi. Ron Rabe – 3.4% responsive

    vii. Tom Gentile – 8% responsive

    viii. Vic McMullen – 3.9% responsive

    ix. Wendy Crossman – 4.9% responsive

    x. William Brown – 0.5% responsive

14. Under well-accepted industry practices, it is reasonable to assume that the responsiveness rates set forth above would be consistent across the entirety of the files for the above-listed custodians.

15. In total, Legility's fees and costs associated with the three sampling sizes conducted in this lawsuit were approximately $108,039. These fees and costs include data processing, managed review, and project management, but do not include any costs or fees

incurred by Arcadi Jackson, LLP or Foulston Siefkin, LLP.

16.     At Spirit's request, Legility estimated its costs to conduct a TAR of the 322,000 documents.

17.     Legility currently estimates that its costs to conduct a TAR of the 322,000 documents will be between $210,000-$340,000. These costs consist of: (1) between $150,000 to $300,000 for Legility's document review team; (2) between $25,000 and $30,000 in data promotion costs to migrate the 322,000 into Legility's review platform; and (3) $6,000 per month through the date of trial in this action in hosting costs (in addition to the $12,069 per month that Spirit is already spending on hosting and other related costs). These estimates do not include any fees incurred by Arcadi Jackson, LLP or Foulston Siefkin, LLP in providing a quality control review of Legility's document review or other related efforts.

18.     Legility estimates that a TAR of the 322,000 documents at issue will take between four and six weeks.

*[Signature to Follow]*

Executed on September 30, 2019 in Davidson County, Tennessee.

*Jeff Stoneking*

**DECLARATION OF JEFF STONEKING IN SUPPORT OF DEFENDANT'S MOTION TO SHIFT COSTS OF TECHNOLOGY ASSISTED REVIEW OF ESI TO PLANITIFF – Page 5**