IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARRY A. LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>SPIRIT AEROSYSTEMS, INC.,<br><br>Defendant. | Case No. 6:18-cv-01100-EFM-ADM |

**DECLARATION OF ANN MARIE ARCADI IN SUPPORT OF DEFENDANT'S
MOTION TO SHIFT COSTS OF TECHNOLOGY ASSISTED REVIEW
OF ESI TO PLANITIFF**

I, Ann Marie Arcadi, declare as follows:

1. I am a partner with Arcadi Jackson, LLP, counsel for Defendant Spirit AeroSystems, Inc. ("Spirit" or "Defendant") in the above-style action.

2. I submit this declaration in connection with the Motion to Shift Costs of Technology Assisted Review of ESI to Plaintiff (the "Motion") filed by Spirit.

3. I have personal knowledge of the facts set forth in this Declaration.

4. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's First Request for Production of Documents, served on or about November 30, 2018.

5. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's proposed First List of Custodians to Spirit and Plaintiff's proposed First Set of Search Terms to Spirit, served on or about January 28, 2019.

6. In February 2019, after consultation with Spirit's e-discovery vendor, Legility, Spirit conducted a sampling exercise using Lawson's proposed search terms on four custodians

from Lawson's list of 69. Spirit selected four custodians it thought would be most likely to have relevant and responsive ESI.

7. Attached hereto as Exhibit C is a true and correct copy of a letter sent by my office to counsel for Lawson on February 25, 2019.

8. Attached hereto as Exhibit D is a true and correct copy of a letter sent by my office to counsel for Lawson on May 20, 2019 which includes Spirit's "list of the top three custodians most likely to have relevant ESI" for the "up to seven categories of documents for which [Lawson] seeks ESI," as required by the Court's April 29, 2019 Order (Dkt. 82).

9. Attached hereto as Exhibits E and F are true and correct copies of correspondence provided by counsel for Lawson on May 23, 2019 and May 30, 2019, which include the 10 custodians selected by Lawson for which Lawson seeks ESI from Spirit.

10. Seven of the ten custodians selected by Lawson were not suggested by Spirit as a "top three custodian most likely to have relevant ESI" for the requested categories, specifically:

      i. Duane Hawkins
     ii. Michelle Lohmeier
    iii. Jim Cocca
    iv. Krisstie Kondrotis
     v. Tom Gentile
    vi. Vic McMullen
   vii. Bill Brown

11. Attached hereto as Exhibit G is a true and correct copy of correspondence sent by Lee Budner, counsel for Spirit, to counsel for Lawson (excluding attachments) on June 5, 2019.

12. Attached hereto as Exhibit H is a true and correct copy of correspondence provided by counsel for Lawson on July 2, 2019.

13. In July 2019, Spirit conducted a separate sampling exercise for each of Lawson's ten suggested custodians using the search terms provided by Lawson on July 2, 2019 on a per-

custodian basis. The responsiveness rate for the ten sample sets ranged from 0.5% to 13.5%, with the average responsiveness rate being 5.1%. Of those technically responsive documents, many were largely irrelevant to this dispute. Attached hereto as <u>Exhibit I</u> is a true and correct copy of correspondence sent by Lee Budner, counsel for Spirit, to counsel for Lawson regarding the results of these sampling exercises. On August 19, 2019, Spirit produced all responsive, non-privileged documents from these sampling exercises, totaling approximately 2,383 pages (173 documents). On September 9, 2019, in an effort to assist Lawson determine why his proposed search terms were resulting in such few responsive documents and next to no relevant documents, Spirit provided 77 non-responsive documents from these sampling exercises for Lawson's review.

14. Spirit has spent approximately $31,000 in attorneys' fees and $108,000 in vendor fees in connection with the three sampling exercises. This does not include any of the time spent conferring with counsel, reviewing correspondence relating to the issue of custodians and search terms, speaking with custodians, harvesting data, or coordinating with Legility.

15. Attached hereto as <u>Exhibit J</u> is a true and correct copy of a letter sent by my office to counsel for Lawson on September 19, 2019.

16. Attached hereto as <u>Exhibit K</u> is a true and correct copy of a letter provided by counsel for Lawson on September 20, 2019.

17. Based on information currently available, it is estimated that $40,000-$60,000 in attorneys' fees from Arcadi Jackson, LLP will be incurred by Spirit in connection with the TAR of the 322,000 document at issue.

18. Attached hereto as <u>Exhibit L</u> is a true and correct copy of Plaintiff's Second Request for Production of Documents, served on or about February 15, 2019.

**DECLARATION OF ANN MARIE ARCADI IN SUPPORT OF DEFENDANT'S MOTION TO SHIFT COSTS OF TECHNOLOGY ASSISTED REVIEW OF ESI TO PLANITIFF** – Page 3

19. Attached hereto as <u>Exhibit M</u> is a true and correct copy of Plaintiff's Third Request for Production of Documents, served on or about July 2, 2019.

20. On September 26, 2019—at Lawson's request—Spirit's counsel, Legility, and Lawson's counsel conferred regarding Legility's TAR procedures. Lawson's counsel asked whether Spirit had begun the TAR process, and Spirit's counsel indicated that it had.

21. Attached hereto as <u>Exhibit N</u> is a true and correct copy of correspondence received from Plaintiff's counsel on September 30, 2019.

22. Attached hereto as <u>Exhibit O</u> is a true and correct copy of correspondence sent by my office to counsel for Lawson on October 1, 2019.

*[Signature to Follow]*

Executed on October 1, 2019 in Dallas County, Texas.

_____
Ann Marie Arcadi