**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

May 23, 2019

**VIA EMAIL**

Ann Marie Arcadi
Arcadi Jackson, LLP
2911 Turtle Creek Blvd., Suite 800
Dallas, TX 75219

Re:   *Lawson v. Spirit AeroSystems, Inc.*, Case No. 18-1100-EFM-ADM (D. Kan.)—Selection of Custodians and Search Terms

Dear Ann Marie:

We are writing pursuant to the Court's April 26, 2019 Order (the "Order") (ECF No. 82) and in response to your letter dated May 20, 2019 ("Letter").

Plaintiff hereby informs Spirit that he seeks electronically-stored information ("ESI") from the following five custodians (the "Round 1 Custodians")[1] using the search terms attached to this letter as Exhibit A (the "Proposed Search Terms"):

1. Duane Hawkins, Senior Vice President, Boeing Programs, Defense Programs

2. Michelle J. Lohmeier, Senior Vice President/General Manager, Airbus Programs

3. Wendy Crossman, Vice President Strategic Sourcing SVP

4. Kevin Matthies, Senior Vice President, Global Fabrication

5. Jim Cocca, Vice President, Manufacturing Strategy

The Proposed Search Terms should be run against each Round 1 Custodian. The date ranges to be applied to each Round 1 Custodian are January 1, 2013 to the present. To further good faith

---

[1] Based on representations from Spirit's counsel, Plaintiff understands that none of Spirit's senior management send or store emails through their administrative assistants. If this is incorrect, Plaintiff expects the Proposed Search Terms to also be applied to the ESI of those assistants.

NEW YORK    WASHINGTON    HOUSTON    PALO ALTO    PARIS    LONDON    FRANKFURT    BRUSSELS    MILAN    ROME

Ann Marie Arcadi
May 23, 2019
Page 2

discussions, please also let us know the (a) volume of ESI for each Round 1 Custodian individually, (b) total volume of ESI for all 5 Round 1 Custodians, deduplicated against each other.

If Spirit chooses to offer a responsive search term proposal, we request that you provide, along with such proposal, "hit reports" for both our Proposed Search Terms and Spirit's responsive search terms. The hit reports should be provided on a per custodian basis and reflect the number of "hits" per search term, broken out by total and unique hits.

Unfortunately, Plaintiff also must respond to Spirit's conduct since the April 23 conference that is not in compliance with either the letter or Spirit of the Order. Contrary to Spirit's claim that Plaintiff's proposed categories of documents are "incredibly broad, compound, comprehensive and incorporate several distinct topics within one category," (Letter at 1), Plaintiff's categories are largely the same categories of information Plaintiff has been requesting throughout the meet and confer process in order to understand Spirit's "Business," beginning with the categories of products identified in paragraph 8 of Spirit's Answer, and that were the subject of Plaintiff's motion to compel. The Court granted Plaintiff's motion to compel discovery on these issues, subject to an ESI Protocol (the "April 26 ESI Protocol").

If Spirit believes Plaintiff is seeking information that is too "broad," it only has itself to blame. At the Court conference, Spirit led the Court and Plaintiff to believe that its responses to Plaintiff's Interrogatories would identify the actual products that overlapped with products made by Arconic, rather than the categories in paragraph 8, so the parties could narrow the scope of ESI searches in this case. Instead of identifying specific overlapping products, however, Spirit has continued to identify broad categories of aircraft components or assemblies, many of which, upon information and belief, Spirit does not manufacture in whole or in part. Spirit also refused to provide other information, such as product identifiers or the end user, that would help narrow the scope of ESI. Despite this, Plaintiff remains willing and able to participate, in good faith, in the April 26 ESI Protocol.

Spirit has also failed to include a "brief explanation as to why Spirit believes each custodian will have relevant information." (Order at 4.) Instead, Spirit merely provided the names and titles of certain potential custodians, which is duplicative of information in Spirit's organizational charts and that Plaintiff used to create the custodian list attached to his motion to compel. The April 26 ESI Protocol requires Spirit to provide information that will be useful in narrowing the universe of custodians, namely a description or explanation of how the information possessed by the custodian is relevant to the issues to be litigated in this case. Please amend your Letter to provide an explanation of why Spirit believes each of its potential custodians will have relevant information and provide a copy of each potential custodian's job description.

We also request that Spirit produce Larry Lawson's ESI from January 1, 2013 to the date of his retirement from Spirit, to the extent not privileged. Plaintiff's ESI throughout his tenure as CEO is highly relevant to the issues to be determined in this case, and Plaintiff will be prejudiced in his ability to prepare for depositions and trial without access to his ESI. For this reason, we do not believe that production of Plaintiff's ESI is subject to the scope of the April 26 ESI Protocol. If that is not your

Case 6:18-cv-01100-EFM-ADM   Document 136-5   Filed 10/01/19   Page 3 of 5

Ann Marie Arcadi
May 23, 2019
Page 3

position, please let us know by May 29. Please also let us know by that date the total number of emails in Plaintiff's ESI between January 1, 2013 and his last date of employment at Spirit.[2]

Finally, earlier today Defendant served amended Rule 26(f) disclosures, which now disclose a total of 24 current or former Spirit personnel, 14 more than the 10 current or former Spirit personnel listed on Spirit's original Rule 26(f) disclosures. Notably, many of these individuals are the same persons listed on Plaintiff's list of proposed custodians filed along with the motion to compel (which Spirit objected to). The fact that Spirit waited until after the Court ruled on Plaintiff's motion to compel before amending its disclosures, and also failed to list several of these individuals on Spirit's list of proposed custodians, is concerning. Plaintiff reserves the right to seek to compel additional ESI searches outside of the April 26 ESI Protocol for custodians that are listed on Spirit's initial disclosures or that will be the subject of depositions.

Sincerely,

/s/ *Martin L. Seidel*

Martin L. Seidel


cc: All counsel

---

[2] Two of the Proposed Search Terms are "Lawson" and Lawson's Spirit email address. If Spirit agrees to produce Lawson's ESI, Plaintiff will withdraw his request that Spirit run those search terms for each custodian that is the subject of the April 26 ESI Protocol.

**Lawson v. Spirit Aerosystems, Inc.**     **CONFIDENTIAL**
Plaintiff's Proposed Search Terms To Spirit Pursuant to April 26 Order
5/23/19

| No. | Search Term | | Instructionsw/Notes |
|---|---|---|---|
| 1 | Arconic | | AND, OR, or /w denote connectors |
| 2 | Alcoa | | * denotes expander |
| 3 | PCC OR "Precision Cast Parts" | | |
| 4 | Lisi | | |
| 5 | @arconic.com | | |
| 6 | Lawson | | If Spirit produces all ESI from Lawson pursuant to the May 23 Letter, Lawson will withdraw his request for search terms 6 and 7 |
| 7 | larry.a.lawson@spiritaero.com | | |
| 8 | llawson333@gmail.com | | |
| 9 | Boeing AND (buy OR sell OR sale OR sold OR design* OR manuf* OR fab* OR suppl*) | | |
| 10 | Airbus AND (buy OR sell OR sale OR sold OR design* OR manuf* OR fab* OR suppl*) | | |
| 11 | (GE OR "General Electric") AND (buy OR sell OR sale OR sold OR design* OR manuf* OR fab* OR suppl*) | | |
| 12 | ("Rolls Royce" OR Rolls OR RR) AND (buy OR sell OR sale OR sold OR design* OR manuf* OR fab* OR suppl*) | | |
| 13 | Bombardier AND (buy OR sell OR sale OR sold OR design* OR manuf* OR fab* OR suppl*) | | |
| 14 | Sikorsky AND (buy OR sell OR sale OR sold OR design* OR manuf* OR fab* OR suppl*) | | |
| 15 | Fasten* AND (sup* OR purchas* OR make OR manuf* OR fab* OR boeing OR airbus) | | |
| 16 | Skin AND (sup* OR purchas* OR make OR manuf* OR fab* OR Boeing OR Airbus) | | |
| 17 | ("Tier" 1 OR First-Tier OR "Tier one" OR "First Tier" OR "1st Tier") AND (suppl* OR Compet* OR acquir* OR Consold* OR merg* OR aerostructur*) | | |
| 18 | ("Tier 2" OR Second-Tier OR "Tier two" OR "Second Tier" OR "2nd Tier") AND (suppl* OR Compet* OR acquir* OR Consold* OR merg* OR aerostructur*) | | |
| 19 | ("Tier 3" OR Third-Tier OR "Tier three" OR "Third Tier" OR "3rd Tier") AND (suppl* OR Compet* OR acquir* OR Consold* OR merg* OR aerostructur*) | | |
| 20 | ("Tier 4" OR Fourth-Tier OR "Tier four" OR "Fourth Tier" OR "4th Tier") AND (suppl* OR Compet* OR acquir* OR Consold* OR merg* OR aerostructur*) | | |
| 21 | (board OR directors OR committee) AND (materials OR packages OR meet! OR strateg*) | | |
| 22 | (Report* OR analy* OR present*) AND (market OR compet* OR supp* OR acquir* OR Aerostructur* OR component OR sub-component) | | |
| | (con't on next page) | | |

Lawson v. Spirit Aerosystems, Inc.
Plaintiff's Proposed Search Terms To Spirit Pursuant to April 26 Order
5/23/19

CONFIDENTIAL

| | Term 1 | Term 2 | Each term in the Term 1 column should be paired with each term in the Term 2 column with an AND connector |
|---|---|---|---|
| 23 | Fuselage | Boeing | |
| | Flight w/3 (critical OR part OR component OR deck) | Airbus | |
| | Critical w/3 part | Suppl* | |
| | Deck w/3 component | purchas* | |
| | Frame w/3 (bay OR crown OR Door) | (Rolls Royce OR RR OR Rolls) | |
| | Wing w/3 (rib OR box OR spar OR stringer OR tip OR cap) | (General Electric OR GE) | |
| | Winglet w/3 (tip OR cap) | Procur* | |
| | Shear w/3 tie | Fab* | |
| | Pallet w/3 assembl* | Design* | |
| | Spoiler | Manufact* | |
| | Door w/3 (access OR surround) | Produc* | |
| | (helicopter OR heli OR copter) w/3 floor | Compet* | |
| | Engine w/3 (base OR structure) | (Sell OR Sale OR Sold) | |
| | Turbine w/3 (base OR structure) | certif* | |
| | Window w/3 frame | insourc* | |
| | Seat w/3 track | Sikorsky | |
| | Pylon w/3 (bulkhead OR spar OR component OR fit* OR heat OR shield OR Aft OR fair*) | Embraer | |
| | Aft w/3 fair* | Component | |
| | Bulkhead OR bulk | Sub-component | |
| | Bird w/3 (strike OR panel) | Aerostructur! | |
| | Strike w/3 panel | | |
| | Clam w/3 shell | | |
| | Crack w/3 stop* | | |
| | Diffus* OR Difus* | | |
| | (Hydraulic OR hydro) w/3 tub* | | |
| | Keel w/3 beam | | |
| | Lavatory | | |
| | Bathroom | | |
| | Nacelle w/3 (structure OR bulkhead OR skin OR door) | | |
| | Nose w/3 double* | | |
| | Splice w/3 strap | | |
| | Flap | | |
| | Stancion | | |
| | Tailcone | | |
| | Tail w/3 frame | | |
| | Thrust w/3 reverse | | |
| | Trailing w/3 (edge OR flap) | | |
| | Edge w/3 flap | | |
| | Aileron | | |