# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

September 20, 2019

**VIA EMAIL**

Ann Marie Arcadi
Arcadi Jackson, LLP
2911 Turtle Creek Blvd., Suite 800
Dallas, TX 75219

Re:     *Lawson v. Spirit AeroSystems, Inc.*, Case No. 18-1100-EFM-ADM (D. Kan.)—TAR Protocol

Counsel,

We write to respond to your letter of September 19 regarding technology assisted review.  Last week, we agreed to jointly inform that Court that the parties had broadly agreed that Spirit could use a technology assisted review platform (the "TAR Protocol") to review the documents of the 10 custodians Lawson selected pursuant to the Court's April 29 Order and to produce responsive documents from those custodians.  As confirmed by the multiple sampling exercises Spirit has run, these custodians have a significant amount of responsive – and relevant – information regarding Spirit's Business.  For the reasons we have expressed to you, we believe the TAR Protocol is an effective and efficient means to review the documents from the custodians we have selected, and the Court indicated that it expected Spirit to proceed with the TAR Protocol in order to move quickly to the substantial completion of document discovery in this case.

As set forth the ESI Protocol, the parties are required to meet and confer to come to agreement on the use of TAR techniques.  (ECF No. 40 at § II(C)(1).)  We have a number of questions regarding the parameters and methodology of the TAR Protocol that are best answered in a meet and confer discussion involving each party's respective document vendors.  Please let us know your availability for this meet and confer next Monday or Tuesday.

We expect that all responsive documents regarding the issue of the Business, whether located during the TAR Protocol or by other means, will be produced prior to the date for which we are to meet with the Court to discuss the number of depositions going forward in this case.  To that end, if Spirit knows or can readily ascertain the locations of responsive documents and information, it is required to search for and produce these documents regardless of whether they are subject to the TAR Protocol.  Given the Court's directive that document discovery be substantially complete as soon as possible, we would ask that any documents located through means other than the TAR Protocol be produced no later than **October 15, 2019**.  Production of documents located through the TAR Protocol should take place on a rolling basis to be completed no later than **November 1, 2019**.

September 20, 2019
Page 2

Your letter makes repeated references to supposed "burdens" Spirit has undertaken, and will need to undertake, in this case. It also cites several different figures representing the expense for Spirit's vendors and lawyers to satisfy Spirit's discovery obligations. Throughout the discovery period, we have been willing to meet and confer (and have tried to do so repeatedly), to discuss ways to reduce the burden on Spirit that does not cut off Plaintiff's right to receive all responsive and relevant documents. We continue to be available to listen to reasonable proposals. However, much of the "burden" Spirit has had to bear is self-inflicted, due to Spirit's broad assertions that it and Arconic are in the same "Business," repeated failures to comply with the April 29 Order, and refusal to share information with Plaintiff's counsel in a timely fashion. Spirit is well aware of the history of the parties' discovery disputes and what it has done, and has not done, to produce all responsive documents and to facilitate a productive and efficient discovery process. The Court gave Spirit leave to file a motion to shift costs for the TAR Protocol. Spirit is free to do so, if it believes that it has a non-frivolous basis for such a motion.

Finally, this letter is not our "final" position regarding any of the discovery issues in this case. For the first time at the Court conference on Tuesday, Spirit disclosed that it has substantially completed document productions with respect to issues other than the Business. We are in the process of evaluating Spirit's productions and determining if we agree that these productions are substantially complete. If not, we will advise you of our objections promptly.

All rights are reserved.


Sincerely,

/s/ *Martin L. Seidel*

Martin L. Seidel