THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY A. LAWSON,

                Plaintiff,

   v.                                          Civil Action No. 6:18-cv-01100

SPIRIT AEROSYSTEMS, INC.,

                Defendant.

## PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Larry A. Lawson ("Plaintiff"), by and through his counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Spirit AeroSystems, Inc. ("Defendant") and all other persons acting or purporting to act on its behalf, produce, for inspection and copying, the documents described below at the offices of Hite, Fanning & Honeyman L.L.P., 100 N. Broadway, Suite 950, Wichita, KS 67202 within the time prescribed by the Federal Rules of Civil Procedure and any other applicable rules. Plaintiff propounds this Third Request for Production of Documents ("Third Request") without prejudice as to his First Request for Production of Documents, dated November 30, 2018, or his Second Request for Production of Documents, dated February 15, 2019.

## DEFINITIONS

1.     "Spirit" means Defendant Spirit AeroSystems, Inc., as well as each of its principals, parents, subsidiaries, affiliates, divisions, agents, officers, directors, members, employees, shareholders, attorneys, assigns, consultants, representatives, predecessors, and successors, past, present, or future, in their individual or representative capacities.

2. "Lawson" means Plaintiff Larry A. Lawson.

3. "Elliott" means Elliott Associates, L.P., Elliott International, L.P., as well as each of their principals, parents, subsidiaries, affiliates, divisions, agents, officers, directors, members, employees, shareholders, attorneys, assigns, consultants, representatives, predecessors, and successors, past, present, or future, in their individual or representative capacities.

4. "Arconic" means Arconic Inc., as well as each of its principals, parents, subsidiaries, affiliates, divisions, agents, officers, directors, members, employees, shareholders, attorneys, assigns, consultants, representatives, predecessors, and successors, past, present, or future, in their individual or representative capacities.

5. "Employment Agreement" means the Employment Agreement, dated March 18, 2013, between Lawson and Spirit.

6. "Business" has the same meaning as in the Employment Agreement, as interpreted by the Court in its August 20, 2018 Order.

7. "Omnibus Incentive Plan" means Spirit's 2014 Omnibus Incentive Plan.

8. "LTI Program" means Spirit's Long-Term Incentive Program authorized by the Omnibus Incentive Plan.

9. "LTI Awards" means any awards granted under the LTI Program or any predecessor executive compensation program under the Omnibus Incentive Plan.

10. "Performance Shares" means the performance-based stock awards granted as a component of any LTI Awards.

11. "TSR Percentile Ranking" means Spirit's total shareholder return, expressed as a percentile, relative to the total shareholder return of a group of peer companies, as used under the

LTI Program to measure the number of shares that vest with respect to a grant of Performance Shares.

12. "Target Performance Goal" means the TSR Percentile Ranking necessary for any award of Performance Shares to vest at 100% of the originally granted amount, pursuant to the LTI Program.

13. "Maximum Performance Goal" means the TSR Percentile Ranking necessary for any award of Performance Shares to vest at 200% of the originally granted amount, pursuant to the LTI Program.

14. "Competition" or "competitive" means the relationship between two or more entities engaged in manufacturing, fabricating, maintaining, overhauling, modifying, marketing, assembling, or selling the same or similar products and/or services within the same industry or to the same or similar customers, or the relationship between two or more entities who may purchase the same or similar products or services from the same or similar customers insofar as those entities may be competing on the price of purchasing such products or services.

15. "Documents" is used in the broadest possible sense permissible under Rule 34 of the Federal Rules of Civil Procedure and shall mean all written or graphic matter, computer memory, tapes or other tangible things by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written Communications, emails, letters, correspondence, memoranda or notes of telephone conversations or personal conversations, diaries, desk calendars, interoffice or intraoffice Communications, records, studies, analyses, statistical and financial statements, charts, graphs, reports, working papers, records, notes,

manuals, books, instructions, telegrams, receipts, contracts, agreements, computer printouts, computer disks, computer programs, or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.

16. "Communications" means any and all manner of transmitting, sending, receiving, transferring, conveying, disclosing or exchanging information, whether in writing, including via mail, electronic mail or telefaxes, or orally in person, by phone or by other recorded media such as audio or video tape or otherwise.

17. "Electronically-Stored Information" or "ESI" means information generated, received, processed, recorded, manipulated, communicated, stored, or used in digital form, including metadata (e.g., author, recipient, file creation date, file modification date, etc.). ESI includes, without limitation, data stored on or in computer servers, computer hard drives, computer desktops, laptops, handheld or tablet computers, portable digital media, backup media, CD-ROMs, DVD-ROMs, floppy discs, non-volatile memory including flash memory devices, external hard drives, internal or external websites, personal digital assistants (such as Palm or Blackberry devices), cell phones, electronic voicemail systems, text messages, instant messages, e-mails and attachments to e-mails, or any device or medium capable of storing data in any format. ESI also includes, without limitation, output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant MessengerTM (or similar programs), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment. All ESI

produced shall include sufficient metadata fields to identify, at minimum, its author, recipient, date and time of creation and modification, and where the document was located.

18. "Person" means any natural person or any business, legal or governmental entity or association.

19. "And" and "or" shall mean and include both the conjunctive and the disjunctive.

20. "All" shall be construed to include "all," "every," and "each" as necessary to make the request inclusive rather than exclusive.

## INSTRUCTIONS

1. The Requests require that you produce documents in a manner that satisfies the requirements of Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. Each Request seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document, including, but not limited to, all attachments, actual, proposed, or contemplated, envelopes, transmittal sheets, "post it notes," notes, cover letters, exhibits, and enclosures.

3. In responding to this Third Request, you shall produce separately all documents in your possession, custody or control, including documents in the possession, custody or control of your agents and representatives.

4. The term "or" is to be read in both the conjunctive and disjunctive and shall serve as a request for information that would be responsive under a conjunctive reading in addition to all information that would be responsive to a disjunctive reading.

5. If you claim any form of privilege or any other objection, whether based on statute, common law or otherwise as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information: date, sender, recipient, Persons to whom copies were

provided together with their job titles, subject matter, basis on which a privilege or other objection is claimed, and the paragraph(s) of this request to which such document responds. If you claim privilege or any other objection with regard to only part of a document, produce the part to which there is no objection.

6. If any document or copy thereof was but is no longer in your possession, custody or subject to your control, please state and specify in detail for each such document: date, sender, recipient, Persons to whom copies were provided, together with their job titles, the information contained therein, the date upon which it ceased to exist, the disposition that was made of it and the identity of all Persons having knowledge of the contents thereof.

7. In making production, produce all documents as kept in the normal course of business and identify the file from which each document was taken.

8. In making production of ESI, you should produce all data or information that exists in electronic or magnetic form, including electronic data compilations, electronic email, or documents that are kept in electronic format (such as Microsoft Outlook, Lotus Notes, Microsoft Word, Microsoft Excel, Microsoft PowerPoint).

9. Any production of ESI should be consistent with the format and procedures agreed to in Sections IV and V of the *Agreed Order Establishing Protocol for ESI and Paper Documents* [ECF No. 40].

10. These Requests shall be deemed to be continuing so as to require supplemental answers from time to time up until the date of trial. If, after responding, you obtain or become aware of any additional documents responsive to these Requests, you shall produce such additional documents forthwith as required by Rule 26 of the Federal Rules of Civil Procedure.

11. Service of this Third Request does not and is not intended to supplant, modify, waive, amend, or alter any prior discovery request, including Plaintiff's First or Second Request for Production of Documents.

## TIME PERIOD

Unless otherwise specified in an individual Request, this Third Request seeks documents and information prepared, sent, provided, received, in possession during, or relating to specific time periods between January 1, 2013 to the present (the "Relevant Period"), or relating to the Relevant Period whenever prepared.

## REQUESTS

1. All Documents and Communications relating to Lawson's request to perform consultation services for L3 Communications, L3 Technologies, or any other entity other than Elliott or Arconic.

2. Documents relating to competition in business opportunities between Spirit and Arconic.

3. Documents and Communications that report, describe, summarize, analyze, discuss or comment on competition from Arconic in the Business, including marketing or sales strategies, market shares or projected market shares, market conditions, and strategic plans, long-range business plans and other business plans for competition with Arconic.

4. Documents and Communications supporting, tending to refute, or relating to your contention in your response to Interrogatory 3 of Plaintiff's First Set of Interrogatories that "Spirit and Arconic are competitive with one another as purchasers of certain materials, products, and/or machinery from some of the same or similar suppliers or vendors."

5. Documents and Communications supporting, tending to refute, or relating to your contention in your response to Interrogatory 4 of Plaintiff's First Set of Interrogatories that "Spirit could be considered a 'tier one,' 'tier two,' 'tier three,' and 'tier four' manufacturer, in that Spirit supplies a variety of products and services to customers in the aerospace industry."

6. All win/loss data or other similar Documents regarding the products, parts, components, or assemblies listed in Paragraph 8 of Spirit's Answer or in your response to Interrogatories 1 or 2 of Plaintiff's First Set of Interrogatories.

7. Documents and Communications relating to any aspect of the "Business" which Spirit intends to use to support its position that Arconic or Elliott are also in the Business.

8. Policies or procedures about the vesting of LTI awards. This request does not seek documents about the application of such policies and procedures to any specific person aside from Plaintiff.

9. Documents and Communications about the calculation of Spirit's TSR Percentile Ranking for the years 2017, 2018, or 2019.

10. Documents and Communications showing whether Spirit has achieved the Target Performance Goal for the years 2017, 2018, or 2019.

11. Documents and Communications showing whether Spirit has achieved the Maximum Performance Goal for the years 2017, 2018, or 2019.

12. Documents and Communications related to Spirit's determination of the number of shares that vested in connection with Lawson's Performance Shares.

13. Policies and procedures for updating or maintaining the "Computershare" database with respect to LTI Awards.

14.     Documents and Communications regarding the "Computershare" database for Lawson's LTI Awards, whether vested or unvested.

15.     Documents and Communications which you intend to rely on at summary judgment or at trial.

16.     Except for documents produced by Plaintiff or Elliott in this Action, Documents and Communications relating to your claims or defenses.

17.     Documents and Communications related to Spirit's participation in Boeing's Control Surfaces Bidder Conference for any year during the Relevant Period.

18.     All Documents and Communications relating to Ulrich R. Schmidt's service on or candidacy for Arconic's board of directors.

Dated: July 2, 2019

                                              Respectfully submitted,

/s/ F. James Robinson Jr._____
F. James Robinson Jr. SC #11589
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Suite 950
Wichita, KS 67202
robinson@hitefanning.com
Telephone: 316-265-7741
Facsimile: 316-267-7803

Martin L. Seidel (*pro hac vice*)
Matthew Freimuth (*pro hac vice*)
Jonathan D. Waisnor (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
mseidel@willkie.com
mfreimuth@willkie.com
jwaisnor@willkie.com
Telephone: 212-728-8000
Facsimile: 212-728-8111

28319399.6

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing *Plaintiff's Third Request for Production of Documents* was served via electronic mail on this 2nd day of July, 2019 on:

Ann Marie Arcadi
T. Gregory Jackson
annmarie.arcadi@arcadijackson.com
ARCADI JACKSON, LLP
2911 Turtle Creek Blvd., Suite 450
Dallas, Texas 75219
Telephone: 241-865-6458

Gary L. Ayers
Jeff DeGraffenreid
gayers@foulston.com
jdegraffenreid@foulston.com
FOULSTON SIEFKIN, LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206
Telephone: 316-291-9530

*Counsel for Defendant*

                /s/ Joseph Niczky
                Joseph Niczky