| | |
|---|---|
| **From:** | Niczky, Joseph T. |
| **To:** | Ann Marie Arcadi; Greg Jackson; Seema Tendolkar; Lee Budner; DeGraffenreid, Jeff |
| **Cc:** | Seidel, Martin; Chanderraj, Ravi; Houghton-Larsen, M Annie; Prince, Samantha; Waisnor, Jonathan D.; Jim Robinson |
| **Subject:** | TAR Meet and Confer |
| **Date:** | Monday, September 30, 2019 2:46:31 PM |

[This email is from an **EXTERNAL** sender]

Ann Marie,

I write to memorialize our September 26 meet and confer to discuss the Technology Assisted Review ("TAR") of the 322,000 documents identified by our search term exercise.

You and your team from Legility stated that Legility's Predict tool, which you will be using, is a TAR 2.0 platform (also known as continuous active learning, or "CAL"). Predict makes use of intentional diversity to ensure that all types of documents are reviewed. You will cut off the review when you are confident that there are no more responsive documents. Additionally, you stated that documents without text files or large Excel files are isolated and reviewed manually. You also explained that documents are ranked by Predict on an individual basis, but will be reviewed on a family basis.

The initial review will be done by contract attorneys and second level QC review will be done by your team at Arcadi Jackson. QC will be done on a regular basis, perhaps as often as daily, especially at the beginning of the review. As of now, a member of Arcadi Jackson has personally reviewed every document that you have produced. You stated that you plan to continue with that practice, but this may change based on volume.

You also stated that you would confirm once the review has been completed and would tell us at what percentage of responsiveness you cut off the review. During the review, Legility will run reports and checks on the system to ensure that the process has run properly, including running a validation test against the unreviewed/predicted non-responsive portion of the population in order to confirm the recall.  We want to raise one concern, which is that if you only perform QC review of documents tagged as responsive by the first level reviewers, it creates the potential for under-coding of responsive material if materials are being incorrectly designated as non-responsive by first-level reviewers.  Therefore, please confirm that you will perform QC of representative samples of documents tagged as non-responsive.

Next, we discussed the cost figures contained in your September 19 letter. You stated that the $250,000–400,000 estimate does not include time spent by Arcadi Jackson attorneys on the TAR process. Time spent by Arcadi Jackson is estimated at an additional $40,000–60,000. The majority — perhaps as high as 75% — of the $250,000–400,000 figure represents time spent by contract reviewers assuming that every single one of the documents is reviewed. The remainder of the cost is for technology, depending on the data size. You also confirmed that you do not need to restore back up tapes.

You explained that Legility contract reviewers use one of two cost structures: a blended rate in the mid to high $50s/hour for reviewers, or a tiered rate of $40–mid $60s/hour. Under either model,

project manager time is $95/hour. We expressed concern that these rates are above market, even in New York City, based on our experience with hiring contract reviewers for large-scale document review projects.  Legility acknowledged this, but explained that the reviewers have participated in reviews on multiple matters for Spirit and are therefore more familiar with Spirit's business. As a result, they are more expensive.

Even with our limited information and visibility into the review process, we believe that Spirit's estimated costs for the TAR process are significantly higher than Lawson would incur with respect to a similar review. One alternative would be for Spirit to produce to Lawson the data for all 322,000 documents that it plans to feed into the TAR protocol, subject to agreed-upon privilege screen terms and the existing privilege clawback order (which we would be willing to modify as appropriate). We would agree to take these documents on an AEO basis under the Protective Order. Lawson would then perform a review of these documents using TAR, produce back to Spirit all responsive documents, and destroy the remaining non-responsive documents. At that point, we can meet and confer to determine whether these documents should remain designated as AEO or if a different designation is more appropriate. In our view, this is the cheapest and most efficient way to accomplish this review. It will help the parties avoid costly motion practice on the fee-shifting motion you have indicated you intend to file, which will simply burden both sides with additional costs to litigate the motion while producing no clear savings to either party in either expense or time (this will also potentially avoid additional meet and confers regarding the output of the TAR process).  Please let us know by tomorrow if this is acceptable to you.

Finally, you confirmed that you would produce responsive documents relating to Spirit's Business, even if they are not responsive to the specific RFPs on which the Court granted Lawson's motion to compel on April 29.

Additionally, we did not discuss this on our call, but we would request that Spirit produce the "responsive" documents from the first sampling exercise that it conducted that resulted in an initial responsiveness rate of 16.5% for Lawson's first five custodians, and an overall rate of 7.8% for all ten custodians.

Joe


**Joseph T. Niczky**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8659 | Fax: +1 212 728 8111
jniczky@willkie.com | vCard | www.willkie.com bio

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the

United States under the laws of the State of Delaware, which laws limit the personal liability of partners.