# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARRY A. LAWSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-1100-EFM-ADM ) |
| SPIRIT AEROSYSTEMS, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Spirit AeroSystems, Inc.'s ("Spirit") renewed motion to compel. (ECF No. 163.) Spirit asks the court to compel plaintiff Larry A. Lawson ("Lawson") and third parties Elliott Associates, L.P. and Elliott International, L.P. (together, "Elliott") to produce certain documents and redacted information that Spirit contends should have been produced under the parameters set forth in the court's October 8, 2019 Memorandum and Order (ECF No. 141). For the reasons discussed below, Spirit's motion is granted in part and denied in part.

## I.  BACKGROUND

The background of this lawsuit is more thoroughly set forth in the court's Memorandum and Order on Spirit's motion to dismiss. *See Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM, 2018 WL 3973150, at *1-*4 (D. Kan. Aug. 20, 2018). Highly summarized, Spirit is a tier-one manufacturer of aerostructures and aircraft components. Lawson is Spirit's former chief executive officer ("CEO"), who retired on July 31, 2016. His Retirement Agreement provided him with substantial financial benefits and extended his non-compete obligations for two years, until July 31, 2018.

At the heart of this lawsuit is Lawson's involvement with business dealings between Arconic, Inc. ("Arconic") and Elliot, which Spirit contends constituted a breach of Lawson's Retirement Agreement. Arconic is an aircraft component manufacturer, and Elliott is an investor in Arconic. In January of 2017, Elliott engaged Lawson to provide consulting services in connection with a proxy contest Elliott launched to replace five Arconic board members. Spirit contends that this arrangement violated Lawson's non-compete because Spirit and Arconic are in the same "business"—*i.e.*, Spirit and Arconic are competitors. Once Spirit learned about Lawson's consulting arrangement with Elliott regarding Arconic's board of directors, Spirit notified Lawson that this constituted a breach of his non-compete. Spirit stopped paying Lawson and demanded that he repay what the company had already paid him under the Retirement Agreement. Lawson disputes that he breached the non-compete. He filed this lawsuit against Spirit seeking to recover what he believes Spirit owes him under the terms of the Retirement Agreement.

Spirit previously filed a motion to compel production of documents that it believed Lawson and/or Elliott had improperly withheld or redacted pursuant to the attorney-client privilege, the work-product doctrine, the common-interest doctrine, and/or the joint-client privilege. (*See* ECF No. 105.) The court issued a Memorandum and Order on Spirit's motion on October 8, 2019, that established parameters regarding the applicability of these privileges and doctrines to the documents at issue and directed Lawson and Elliott to produce documents consistent with the court's rulings. *See Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2019 WL 4958226, at *8, *10, *11-*12 (D. Kan. Oct. 8, 2019). The court granted Spirit leave to file a renewed motion to compel if the parties could not resolve any remaining dispute regarding Lawson

and Elliott's privilege logs. *Id.* The court further ordered that, if Spirit filed a renewed motion to compel, Lawson and Elliott were to submit the documents at issue for *in camera* review. *Id.*

Spirit filed a renewed motion to compel on November 1. (*See* ECF No. 163.) Spirit contends that Lawson and Elliott are continuing to withhold documents that Spirit believes should have been produced under the court's order. (*Id.* at 2.) Specifically, Spirit asks the court to compel production of the following documents:

- Entries 64, 68-75, 77-83, and 86-101 on Lawson and Elliott's June 28, 2019 log of withheld documents (ECF No. 156);

- Entries 11-23 and 27-38 on Lawson and Elliott's July 8, 2019 log of redacted documents (ECF No. 157); and

- Entries 3, 7, 16, 26, and 29 on Spirit's log of documents that it believes were improperly redacted but did not appear on Lawson and Elliott's log (ECF No. 163-1, at 9-15).[1]

(*Id.* at 3.) Lawson opposes Spirit's motion, arguing that he and Elliott have produced all documents required under the court's October 8 Memorandum and Order. (ECF No. 172, at 3.)

## II. DISCUSSION

The court has carefully reviewed the subject documents *in camera* and finds that Lawson and Elliott have properly withheld most of the remaining documents in accordance with the court's rulings on the parties' arguments in the October 8 Memorandum and Order. However, the court will compel Lawson and Elliott to produce the following documents:

- Entries 78, 80, and 81 on the June 28 log;

- Entry 27 on the July 8 log; and

---

[1] Spirit also asks the court to compel Lawson and Elliott to produce entries 61-63, 65, 76, and 84-85 on the June 28 log, entry 26 on the July 8 log, and entry 36 on Spirit's log. (*See* ECF No. 163 at 4.) But Elliott produced these documents to Spirit on November 15. (*See* 172-2 ¶ 13, at 2.) So Spirit's motion is denied as moot as to these documents.

3

- Entry 16 on Spirit's log (except the communication from Moldowan to Lawson on February 6, 2017 at 7:08 p.m., which may be redacted as privileged).

These documents consist of emails that all appear in a chain that Lawson and Elliott already produced to Spirit on November 15, so they should be produced for consistency.

Spirit devotes much of its briefing to the sufficiency of Lawson and Elliott's privilege logs. These logs are not facially inadequate. Further, the court's *in camera* review of the documents allowed the court to determine whether Lawson and Elliott correctly applied the court's rulings from the October 8 Memorandum and Order.

Lastly, Lawson asks the court to grant him and Elliott leave to file a motion to recoup their costs associated with preparing a supplemental privilege log for Spirit and responding to Spirit's renewed motion. (ECF No. 172, at 9-10.) But these costs were logically incurred by virtue of the parties following the procedure outlined in the court's October 8 Memorandum and Order, which granted Spirit leave to file the renewed motion. Accordingly, there is no basis upon which the court would award Lawson and Elliott their costs.

Accordingly,

**IT IS THEREFORE ORDERED** that defendant Spirit AeroSystems, Inc.'s renewed motion to compel (ECF No. 163) is granted in part and denied in part. Lawson and Elliott must produce the documents listed in Part II of this Memorandum and Order by **January 10, 2020**.

**IT IS SO ORDERED.**

Dated January 3, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge