**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LARRY A. LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-1100-EFM-ADM |
| | ) |
| SPIRIT AEROSYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On April 6, 2020, the court ordered plaintiff Larry A. Lawson ("Lawson") to show cause why he should not be sanctioned for violating the parties' agreed protective order governing discovery. (ECF No. 331.) The court also allowed defendant Spirit AeroSystems, Inc. ("Spirit") to file a brief setting forth its position as to what sanctions, if any, were warranted. The court has now reviewed the parties' submissions. (ECF Nos. 345 & 348.) For the reasons discussed below, the court publicly admonishes Lawson's counsel for violating the agreed protective order. No further sanctions are warranted.

## I.    BACKGROUND

In November 2019, Lawson informed Spirit that it may have inadvertently produced SPIRIT000045087 ("45087"), an email sent by Spirit's then in-house counsel to Spirit employees, with a copy to Spirit's outside counsel law firm. Spirit confirmed that it had inadvertently produced 45087, which was attorney-client privileged. Spirit asked Lawson to comply with the requirements of the protective order governing inadvertent disclosure of privileged material and promptly destroy all copies of 45087.

In an email dated November 13, Lawson's counsel confirmed that he had returned 45087 and that all copies would be destroyed. However, in that same email, Lawson's counsel disputed

Spirit's claim that 45087 was privileged and, in doing so, included a direct quote from 45087 to try to explain why Lawson's counsel did not believe the document was privileged.

On January 17, 2020, Lawson filed a motion to compel Spirit to reproduce 45087 and six other documents Spirit had clawed back under the agreed protective order. (ECF No. 231.) Lawson's brief quoted language from 45087 (ECF No. 232, at 3) and attached the November 13 email as an exhibit (ECF No. 232-1, at 6-7). The court ultimately denied Lawson's motion, finding the clawed-back documents were attorney-client privileged. *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 708021, at *1 (D. Kan. Feb. 12, 2020).

On January 31, Lawson filed another motion to compel, this time regarding certain documents listed on Spirit's privilege logs. (ECF No. 261.) Again, Lawson's brief quoted language from 45087 and, this time, explicitly referred to 45087 as a "Clawed Back Document." (ECF No. 262, at 5.) Lawson again attached the November 13 email as an exhibit to his motion. (ECF No. 262-1, at 23-24.) Lawson's January 31 brief also quoted language from an email produced as SPIRIT000217302 ("217302"). (ECF No. 262, at 9 (citing ECF No. 265, at 71).) This document 217302 was an email from a Spirit employee to third-party Arconic, Inc. Spirit had produced several variations of this email thread with inconsistent redactions, and one version of the email had the quoted language redacted as attorney-client privileged.

In Spirit's opposition to Lawson's January 31 motion, Spirit argued that Lawson violated the protective order by using and quoting clawed-back document 45087, as well as 217302. (ECF No. 282, at 10-11.) Spirit characterized 217302 as "an inadvertently produced, unredacted version of a document that Lawson [knew] Spirit produced in redacted form and listed as privileged on its Logs." (*Id.*) Because the court was troubled by Spirit's allegation that Lawson violated the

2

protective order, the court ordered Lawson to show cause why he should not be sanctioned for violating the agreed protective order. (ECF No. 331, at 2.)

## II.   SANCTIONS

An appropriate sanction is "the least severe sanction adequate to deter and punish" misconduct. *White v. Gen. Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990). Lawson suggests the appropriate sanction is "(1) an admonition from the Court about the conduct; (2) an order directing the clerk to strike the offending briefs and directing Plaintiff to file briefs redacting or removing the offending quotes; and (3) sealing the offending exhibits filed by both Plaintiff and Defendant." (ECF No. 345, at 1.) Spirit argues the court should impose monetary sanctions. (ECF No. 348, at 5-6.) The court will address each of these suggestions.

### A.   Admonishment

As it relates to 45087, Lawson's response to the court's order to show cause admits "that his counsel made regrettable briefing mistakes that contravene the Protective Order." (ECF No. 345, at 1.) The protective order provides that, upon receiving a request to return inadvertently produced privileged material, "the Receiving Party must return the information or documents within 10 days, regardless of whether the Receiving Party agrees with the claim." (ECF No. 236 § 13, at 14.) This does not allow a receiving party to continue using the content of a clawed-back document, such as directly quoting privileged language in a public filing, after the producing party has clawed back the document. Therefore, the court finds that Lawson's counsel violated the protective order as to 45087. However, Lawson's counsel's acceptance of responsibility persuades the court that severe sanctions are not needed. Lawson's counsel knows he made a mistake, and the court's recognition of and admonishment for that mistake should be sufficient to deter any

3

further similar misconduct. Lawson aptly notes that "[t]he incident itself suffices as a warning that will discourage similar conduct in the future." (ECF No. 345, at 8.)

Lawson's counsel also argues the violation was inadvertent, essentially because the attorney who drafted the brief was quoting from the November 13 email, not the clawed-back document itself, and therefore "[i]t did not occur to the attorney drafting the supporting memorandum that quoting the email implicated the Protective Order." (*Id.* at 3.) Having reviewed the record, the court finds this argument lacks credibility. Lawson's counsel clearly recognized that the quotation in the brief came directly from a clawed-back document. Even though the brief cited the November 13 email and not 45087 itself, the November 13 email contained a direct quote—in quotation marks—from 45087. And Lawson's counsel clearly recognized that 45087 had been clawed back because that very document was one of the subjects of Lawson's January 17 motion to compel (seeking re-production of clawed-back documents), and Lawson's January 31 motion specifically referred to 45087 as a "Clawed Back Document." Given this clear record, the court cannot find that including the quotation from 45087 was inadvertent.

As to Lawson's counsel's citation to 217302 in the January 31 brief, the court does not find any protective order violation. Spirit produced several versions of this email, at least one of which was redacted as attorney-client privileged, but Spirit never clawed back this document under the protective order. To the contrary, Spirit's opposition to Lawson's January 31 motion conceded that 217302 was not a privileged email and that the document had been inadvertently over-redacted. (ECF No. 345, at 7; ECF No. 282, at 8 & n.29.) So Lawson did not violate the protective order by relying on 217302 in Lawson's January 31 brief.

Although the court is not persuaded that Lawson's counsel's violations of the protective order as to 45087 were inadvertent, a public admonishment is still appropriate. Lawson's counsel

4

has not exhibited any sustained pattern of improperly using Spirit's privileged documents.  And, Lawson has filed numerous discovery motions and appropriately protected hundreds of confidential documents attached to or discussed in these motions.  The court will therefore admonish Lawson's counsel for the violation and caution him to exercise care in future filings. *See Zapata v. IBP, Inc*., 160 F.R.D. 625, 628 (D. Kan. 1995) (admonishing plaintiffs' counsel "to exercise care to avoid any recurring violations of the protective order," after plaintiffs' counsel inadvertently used confidential documents in a separate case); *In re Apple Inc. Device Performance Litig*., No. 5:18-MD-02827-EJD, 2019 WL 2491937, at *3 (N.D. Cal. June 14, 2019) (admonishing counsel to abide by the protective order after he discussed facts derived from Protected Material during a hearing).

### B.   Spirit's Attorneys' Fees

Spirit asks for an award of its attorneys' fees incurred in uncovering counsel's misconduct and responding to the April 6 order to show cause.  (ECF No. 348, at 5-6.)  Where a party has failed to obey a discovery order, the court must order that party, its counsel, or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  FED. R. CIV. P. 37(b)(2)(C).  Lawson's counsel's failure to comply with the protective order was not substantially justified for the reasons set forth above.  However, awarding Spirit its fees would be unjust.  The filings in this case have been extensive.  And Spirit itself has not been perfect with respect to compliance with the protective order.  (*See, e.g.*, ECF No. 345, at 4 n.5 (describing documents Lawson designated confidential that Spirit filed in the public record).)  The court will therefore not award fees.

### C. Corrections to the Record

Lastly, Lawson asks the court for an order (1) striking the January 17 and 31 briefs and "directing [Lawson] to file briefs redacting or removing the offending quotes," (2) "sealing the offending exhibits filed by both [Lawson] and [Spirit], which disclose the protected information," and (3) striking Lawson's confidential privilege logs filed by Spirit in the public record and directing Spirit to refile them under seal.  (ECF No. 345, at 1, 4 n.5.)  But, at this point, these documents and the briefs have been in the public record approximately five months.  "Matters already made public 'will not be sealed after the fact absent extraordinary circumstances.'" *Flohrs v. Eli Lilly & Co.*, No. 12-2439-SAC, 2013 WL 4773515, at *2 (D. Kan. Sept. 4, 2013).  Neither party has established extraordinary circumstances sufficient to warrant such belated after-the-fact sealing or redactions.  The court therefore denies this aspect of Lawson's request.

\*     \*     \*

For the reasons discussed above, the court admonishes Lawson's counsel for violating the protective order by filing a brief with the court that quoted from a privileged document that Spirit had clawed back under the protective order and attaching a quotation from that document as an exhibit.  The court cautions Lawson's counsel to exercise care in future filings in this case.  Further violations may result in the imposition of more serious sanctions.

**IT IS SO ORDERED.**

Dated June 25, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
