# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LARRY LAWSON,

    *Plaintiff,*

vs.

SPIRIT AEROSYSTEMS, INC.,

    *Defendant.*

Case No. 18-1100-EFM

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Larry Lawson's Motions for Leave to File Under Seal (Docs. 448, 456, 457, 479, 480, and 486), Defendant Spirit Aerosystems, Inc.'s ("Spirit") Motions for Leave to File Under Seal (Docs. 451 and 453), and Non-party Howmet Aerospace Inc., f/k/a Arconic Inc.'s ("Arconic") Motions for Leave to File Under Seal (Docs. 443, 458, 463, and 464). The Court now addresses each motion in turn.

### I.    Factual and Procedural Background

Lawson is Spirit's former chief executive officer. He retired on July 31, 2016. His Retirement Agreement contained non-compete obligations lasting two years, until July 31, 2018. In early 2017, a non-party investment firm hired Lawson for consulting services in connection with a proxy contest initiated against Arconic. When Spirit learned of this, it notified Lawson that

his involvement constituted a breach of his non-compete. Spirit then ceased paying Lawson and demanded that he repay what the company had already paid him under the Retirement Agreement. Lawson disputes that he breached the non-compete and filed this lawsuit seeking to recover the withheld payments under his Retirement Agreement.

Lawson argues that he did not breach the non-compete, alleging that Spirit is a tier-one manufacturer of aerostructures and aircraft components (i.e., it builds and sells large structures and components like fuselage, propulsion, and wing systems) whereas Arconic is a tier-three or tier-four manufacturer of lightweight engineered metal components (e.g., small fasteners, connectors, bolts, engine components, fan blades, etc.) that are supplied to tier-one manufacturers like Spirit. Lawson therefore contends that Spirit and Arconic are not competitors in the same line of business.

After extensive discovery, Lawson and Spirit filed cross-motions for summary judgment (Docs. 435 and 432). Lawson, Spirit, and Arconic then filed multiple motions to seal portions of briefs for and against summary judgment, as well as accompanying exhibits. Spirit also filed two motions to strike (Docs. 444 and 452) with attached exhibits, portions of which the parties also seek to seal. Lastly, Lawson filed an appeal of the Magistrate Judge's Order setting award amounts (Doc. 485) and seeks to seal portions of his supporting memorandum. The Court now addresses all the motions to seal in turn.

## II.    Legal Standard

Local Rule 5.4.6 sets forth the procedure for a party seeking to file documents under seal. "Documents will not be automatically approved for filing under seal merely because they were produced pursuant to a protective order, nor because both parties stipulate to filing under seal."[1]

---

[1] *Gipson v. Sw. Bell Tel. Co.*, 2009 WL 1044941, at * (D. Kan. 2009).

The public's right to inspect and copy judicial records, though an important one, "is not absolute."[2] The court has discretion to decide, based on the circumstances of the case and the difficulty of redacting from filed documents privileged and sensitive information, which parts of the record should be sealed "if the public's right of access is outweighed by competing interests."[3] The movant must "articulate specific facts to establish a public or private harm from opening the documents to public view."[4]

### III.   Discussion

Addressing each motion in turn, the Court orders the parties to file the respective documents according to the following process.  File publicly any Memoranda with the redactions listed below, then file under seal the Memoranda without the redactions.  File under seal any exhibits listed below and the remainder publicly.  Finally, file publicly all the depositions with the corresponding redactions listed below, then file under seal unredacted copies of the redacted depositions.

**A.   Lawson's Motions**

**Doc. 448:** DENIED AS MOOT.  Lawson filed this correction to his prior motions to seal (Docs. 434 and 447).  His correction merely noted that Arconic had designated portions of the Roggenburk deposition as confidential.  He sought no other remedy from the Court.  Since the Court ruled on Docs. 434 and 447 in its order dated October 23, this motion is now moot.

---

[2] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).

[3] *United States v. Apperson*, 642 F. App'x 892, 899 (10th Cir. 2016) (quotation and citation omitted).

[4] *Gipson*, 2009 WL 1044941, at *20.

**Doc. 456:** GRANTED.  Lawson seeks to file portions of the Appendix attached to his reply in support of his motion for summary judgment (Doc. 456-1) under seal.  This appendix is a copy of Lawson's Statement of Facts, and the accompanying responses and replies, in support of his motion for summary judgment.  The following portions of the Statement of Facts may remain under seal: the last sentence of paragraph 18; paragraphs 24, 46, 47, and 59; the indented quote in paragraph 49; and footnotes 5 and 27.  Lawson may redact the following portions of the Argument section: Section III, B; the sentence following "Aboulafia's opinion is representative of Spirit's theory of competition" on page 45; and footnote 82.

**Doc. 457:** GRANTED IN PART and DENIED IN PART.  Lawson mistakenly attached a deposition transcript as Exhibit 121 to his memorandum in opposition to summary judgment when he meant to attach an expert report by William P. Rogerson.  He now seeks to correct that mistake and seal the expert report.  The Court grants the motion to seal only for the highlighted portions on pages 17, 21 (but not the highlighted portion of paragraph 47), 30 (only the first sentence of paragraph 66), 32, and 33.  All page numbers reflect the expert report's pagination, NOT the CM/ECF pagination).

**Doc. 479:** DENIED.  Lawson first asks that portions "indicated in yellow highlight" of the Rogerson expert report be sealed.  But the attached Exhibit lacks highlighting.  Instead, the entire 51-page report is attached without any indication which portions Lawson seeks to be sealed or redacted.  As such, the Court denies Lawson's motion concerning the Rogerson report.

Lawson also asks that the Court seal page 283 of the Tom Gentile deposition.  The Court previously granted a motion to seal other pages of this deposition in its Order on October 23.  Lawson incorrectly asserts that page 283 was included in the Court's prior sealing order—it was not.  Other than the fact that page 283 is a part of a deposition of which other pages were placed

under seal, Lawson asserts no reason why the page should be sealed. After reviewing page 283 of the Gentile deposition, the Court concludes that it does not warrant sealing and denies Lawson's motion to this extent.

**Doc. 480:** GRANTED. Lawson asks the Court to substitute corrected Exhibits 99, 100, and 121 attached to his Memorandum in Opposition to Spirit's Motion for Summary Judgment. Lawson's request lacks an explanation as to what parts of those Exhibits are incorrect or incomplete. After a review by the Court, it appears that the corrected Exhibits add many missing pages that Lawson apparently intended to include. The Court grants Lawson's motion.

**Doc. 486:** GRANTED. Lawson seeks to file under seal portions of his memorandum in support of his appeal of the Magistrate Judge's Order Setting Award Amount (Doc. 485) that reveals rates and fees charged by Arcadi Jackson, Foulston Siefkin, and Legility to Spirit, as well as the work performed by those firms in connection with the instant lawsuit. Lawson may redact the highlighted portions of his memorandum and file an unredacted copy under seal.

**B.      Spirit's Motions**

**Doc. 451:** DENIED. Spirit duplicates Arconic's request that page 385 of the Roggenburk deposition be maintained under seal. That page references in general Arconic's customer relationships, not confidential information contained in contracts with those customers. As such, the Court denies Spirit's request.

**Doc. 453:** GRANTED IN PART and DENIED IN PART. Spirit asks the Court to seal its reply in support of summary judgment (Doc. 453-1). The highlighted portions of paragraph 3 of Spirit's reply may be redacted when filed publicly, but all other portions of the reply must remain unredacted. Per the procedure above, the complete unredacted reply must be filed under seal. Spirit also asks that page 466 of the Roggenburk deposition be sealed. The Court denies that

request because the page contains general information about Arconic's business relationships and manufactured products. Finally, Spirit asks that Exhibit 2 attached to its reply in support of summary judgment be sealed. This Exhibit is a one-page email correspondence regarding one of Arconic's business relationships that reveals no information needing to be shielded from public access. As such, the Court denies Spirit's request to seal Exhibit 2.

### C.     Arconic's Motions

**Doc. 443:** GRANTED. The requested portions of the Roggenburk deposition, and the portions of Lawson's memorandum referring to such testimony, are to remain under seal, which the Court previously granted in its October 23 order.

**Doc. 458:** DENIED. Arconic requests that pages 385 and 386 of the Roggenburk deposition attached to Spirit's motion to strike (Doc. 451-2, pp. 13-14) remain under seal. Those pages merely reference Arconic's customer relationships, not confidential information contained in contracts with those customers. As such, the Court denies Arconic's request.

**Doc. 463:** GRANTED. Arconic duplicates Lawson's request in Doc. 456, reiterating the request that portions of the Appendix attached to Lawson's Reply in Support of his Motion for Summary Judgment (Doc. 456-1) remain under seal.

**Doc. 464:** GRANTED IN PART and DENIED IN PART. Arconic duplicates Spirit's request in Doc. 453, reiterating the request that portions of Spirit's Reply in support of its Motion for Summary Judgment and Exhibits 1 and 2 thereof.

**IT IS THEREFORE ORDERED** that Lawson's Motion for Leave to File Under Seal (Doc. 448) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Lawson's Motion for Leave to File Under Seal (Doc. 456) is **GRANTED.**

IT IS FURTHER ORDERED that Lawson's Motion for Leave to File Under Seal (Doc. 457) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Lawson's Motion for Leave to File Under Seal (Doc. 479) is **DENIED.**

**IT IS FURTHER ORDERED** that Lawson's Motion for Leave to File Under Seal (Doc. 480) is **GRANTED.**

**IT IS FURTHER ORDERED** that Lawson's Motion for Leave to File Under Seal (Doc. 486) is **GRANTED.**

**IT IS FURTHER ORDERED** that Spirit's Motion for Leave to File Under Seal (Doc. 451) is **DENIED.**

**IT IS FURTHER ORDERED** that Spirit's Motion for Leave to File Under Seal (Doc. 453) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Arconic's Motion for Leave to File Under Seal (Doc. 443) is **GRANTED.**

**IT IS FURTHER ORDERED** that Arconic's Motion for Leave to File Under Seal (Doc. 458) is **DENIED.**

**IT IS FURTHER ORDERED** that Arconic's Motion for Leave to File Under Seal (Doc. 463) is **GRANTED.**

**IT IS FURTHER ORDERED** that Arconic's Motion for Leave to File Under Seal (Doc. 464) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2020.

                                           ERIC F. MELGREN
                                           UNITED STATES DISTRICT JUDGE