# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LARRY A. LAWSON,

    *Plaintiff*,

vs.

    Case No. 18-1100-EFM

SPIRIT AEROSYSTEMS, INC.,

    *Defendant*.

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Larry Lawson's Motion to Seal (Doc. 523) certain excerpts from the depositions of three expert witnesses: Daniel Dennies, William P. Rogerson, and Richard Aboulafia. Defendant Spirit Aerosystems, Inc. ("Spirit") has responded (Doc. 525), stating it neither opposes nor requests the information be held under seal, except for one portion (pages 170-74) of Rogerson's testimony. Spirit joins in requesting that passage be held under seal.

D.Kan.R. 5.4.6 recognizes that documents will not be sealed simply because the parties agree, or because they were produced pursuant to a protective order. "The public's right to inspect and copy judicial records, though an important one, is not absolute."[1] "To overcome the

---

[1] *Nixon v. Warner Commc'ns, Inc.*, 43 U.S. 589, 598 (1978).

presumption in favor of access, a party seeking to file under seal must articulate specific facts to establish a public or private harm from opening the documents to public view."[2]

The court has reviewed the relevant passages from the depositions,[3] and agrees with the parties that the final passage in the Rogerson deposition (pages 170-74) references internal Sprint information that is properly held under seal. This portion of the deposition is expressly grounded on a particular event, and the witness's perception of what "Spirit thought" about it. (*Id*. at 173).

In contrast, the remaining portion of the deposition is devoted to Rogerson's education and training, his experience as a witness, and his consulting arrangements. (Doc. 523-1, Rogerson dep. at 15-36, 41-42, 57-58, 63-67). None of this information arises from proprietary information held by Spirit. Even when the deposition turns to substantive matters (*id*. at 86-87, 98-99, 103-106, 123-125, 167-169), the witness discusses his general methodology and conclusions, without discussing any private or confidential Spirit propriety information. Indeed, when Rogerson discusses the relevant language of competition, he largely does so on the basis of the *public* understanding of those terms within the aerospace industry—how "[e]veryone who studies this industry uses these terms." (*Id*. at 106).[4]

What is largely true of Rogerson is also true of the much shorter passages from the Dennies and Aboulafia depositions. The witnesses discuss the background of their employment, and make no specific reference to any confidential Spirit documents or internal information.

---

[2] *Gipson v. Sw. Bell Tel. Co*., No. 08-CV-2017-EFM, 2009 WL 1044941, at *5 (D. Kan. 2009).

[3] Lawson seeks to place under seal over fifty pages of Rogerson's deposition testimony, three pages of from Dennies' deposition, and one page from Aboulafia.

[4] *See also id*. at 169 ("my opinions are the opinions of an economist, and that's my expertise. The terms Tier I, 11 Tier II, are terms routinely used in that industry").

Lawson's motion fails to make any particularized showing as to the need for sealing the cited deposition testimony. Rather, the plaintiff simply appends the three exerpts from the three witneses, and repeats three times that the information "involves Spirit's proprietary information capabilities and competitors." (Doc. 523, ¶¶ 4, 5, 6). Given the absence of a particularized showing of need, the court denies the motion to seal, except as to pages 170-74 of the Rogerson deposition.

IT IS SO ORDERED this 20th day of May, 2021, that the plaintiff's Motion to Seal (Dkt. 523) is granted in part and denied in part as provided herein.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE