IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

L<small>ARRY</small> A. L<small>AWSON</small>,

        Plaintiff,

vs.

        Case No. 18-1100-EFM

S<small>PIRIT</small> A<small>EROSYSTEMS</small>, I<small>NC</small>.,

        Defendant.

MEMORANDUM AND ORDER

Before the Court is the Motion for Approval of Supersedeas Bond and Stay of Execution (Dkt. 600) of Defendant Spirit Aerosystems. Spirit seeks a stay of execution and approval of a supersedeas bond in amount of $48,591,819.40, reflecting the amount of the Judgment, along with two years of post-judgment interest at the rate of 4.25%. Plaintiff Larry Lawson opposes the motion, as the total bond is less than the 125% of the judgment contemplated by D.Kan.R. 62.2.[1]

"A full supersedeas bond may be required where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable."[2] The Court "ha[s]

---

[1] Rule 62.2 provides: "A supersedeas bond staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay."

[2] *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (citation omitted).

inherent discretionary authority in setting supersedeas bonds."[3] "Generally, the district court sets the supersedeas bond for the full amount of the judgment plus interest, costs, and damages for delay.[4] "[T]he supersedeas bond approach is not mandatory, and the Court has discretion to fashion alternative remedies for good cause."[5]

The Court finds under the circumstances of the case that the amount of the proposed bond provides adequate protection for the satisfaction of the Judgment, interest that may accrue during the pendency of the appeal, and costs once they are determined.  Further, notwithstanding the amount of the judgment, the Court does not find that there is a reasonable likelihood that Defendant Spirit Aerosystems, Inc. will be unable or unwilling to satisfy the judgment in full upon ultimate disposition of the case.  However, the court concurs with the objections of Plaintiff to the form of the bond proposed by Defendant,[6] and orders that any such bond should express that Spirit's liability is on the judgment, while the surety's liability is only on the bond; and that the bond should incorporate an express promise by the surety to pay up to the specified amount following the appeal in the event the appeal is affirmed or dismissed.

---

[3] *Id*. (internal citations and quotations omitted).

[4] *Metz v. U.S*., 130 F.R.D. 458, 459 (D.Kan.1990).

[5] *Walter v. Mark Travel Corp*., No. 09-1019-EFM, 2013 WL 12363941, at *1 (D. Kan. Oct. 10, 2013)

[6] Dkt. 601, at 3.

Fed R.Civ.Pr. 62(a) provides for an automatic 30 days stay of execution. "[F]urther stays are both available and usual."[7] The court hereby extends and continues the automatic stay until the earlier of the date Defendant posts a Supersedeas Bond in compliance with this Order, or until November 30, 2021.

**IT IS SO ORDERED**.

Dated this 16th day of November, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT COURT

---

[7] 11 Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. CIV. § 2902 Automatic Stay (3d ed.).