IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY A. LAWSON,

        *Plaintiff*,

vs.

        Case No. 18-1100-EFM

SPIRIT AEROSYSTEMS, INC.,

        *Defendant*.

**MEMORANDUM AND ORDER**

Defendant Spirit Aerosystems, Inc., has moved for an award of attorney fees incurred in responding to Plaintiff Larry's Lawson's appeal of the decision of the Magistrate Judge awarding Defendant expenses for technology-assisted review ("TAR"). For the reasons provided herein, the court grants Defendant's motion.

**I.    Factual and Procedural Background**

Finding that his pursuit of TAR was not substantially justified, the Magistrate Judge shifted the costs of TAR to Plaintiff under Fed. R. Civ. P. 37 (a)(5)(A), and subsequently fixed the amount of those costs.[1]  Plaintiff appealed both decisions.  This Court affirmed the decision to shift costs, finding no error in the conclusion that "Lawson's persistence in pursuing the

---

[1] Docs. 465, 498. *See* 2020 WL 6343292 (D. Kan. 2020).

costly, ineffective TAR was disproportional to the needs of the case."[2]  The Court also affirmed the amount of costs, concluding that it was not clearly erroneous or contrary to law.[3]

At the conclusion of that Order, the Court expressly granted Defendant's request for the reasonable costs of responding to the appeal.  The Court held that "Spirit is entitled to recover the reasonable cost for preparing its Response to the Second Appeal,"[4] and directed Defendant to submit information sufficient to determine the reasonableness of those fees.

Defendant subsequently submitted its application for $45,304.50 in attorney's fees.

## II.     Factual and Procedural Background

Plaintiff objects to the award, arguing that the Court lacks the power to grant the relief sought.  According to Plaintiff, attorney fees related to a magistrate judge's decision cannot be awarded because such relief is not expressly provided for in the texts of either Rule 37(a)(5) or Rule 72. Further, Defendant argues that awarding fees would violate its right of due process.  However, the two cases cited by Plaintiff merely recognize the general importance of the opportunity to be heard.[5]  Neither addresses Rules 37 and 72, and neither suggests that the opportunity to be heard is necessarily free.

In its prior Order, the Court expressly noted authority holding that a court may award attorney fees in a Rule 72 appeal of a Rule 37(a)(5) order.[6]  Reasonable fees were compensable,

---

[2] 2020 WL 6939752, at *6 (D. Kan. 2020).

[3] 2021 WL 4844058, at *4-5.

[4] *Id*. at *7.

[5] *Bankers Tr. Co. v. Bethlehem Steel*, 752 F.2d 874, 890 (3d Cir. 1984) ("Due process mandates that a judicial proceeding give all parties an opportunity to be heard."); *In re A.H. Robins Co. Dalkon Shield Litig'n*, 107 F.R.D. 2, *7 (D. Kan. 1985) ( "The nature of the specific process due in a given instance, however, varies according to the factual circumstances of the case and the nature of the interests involved.").

[6] 2021 WL 4844058, at *6 n. 54 (citing *Marrocco v. Hill*, 291 F.R.D. 586, 590 (D. Nev. 2013) ("reasonable fees incurred in responding to a Rule 72(a) objection are recoverable under Rule 37(a)(5)(A)").

the Court concluded, because the Magistrate Judge had found Defendant should be compensated for its expenses in connection with the TAR process, and "[d]efending the resulting award is an expense incurred in connection with the TAR process."[7]

Even though Rule 72 does not contain explicit fee language, "the purposes underlying Rule 37(a)'s fee-shifting provision would be thwarted by not awarding attorneys' fees incurred in opposing a Rule 72(a) objection."[8] Substantial authority exists for this conclusion,[9] and Plaintiff cites no court holding to the contrary.

Moreover, the objection is not well-timed. In its decision to grant attorney fees, the Court also noted Plaintiff's arguments focused exclusively on the merits of the appeal, and failed to make any argument against awarding of fees for responding to the appeal, notwithstanding Defendant's explicit request for such an award:

> In his Reply, Plaintiff continues to argue that TAR was reasonably useful, that document review fees by Legility and outside counsel were unreasonable, that the award included matters outside the June 18 Order, and that the attorney fee invoices were vague and block-billed, and that as a result the award should be set aside. But *Plaintiff offers no direct response to Spirit's request for fees, address the authorities cited by Spirit, or show why—if the award is not set aside—fees should not be awarded*.[10]

---

[7] *Id*. at *7.

[8] *Marrocco*, 291 F.R.D. at 590.

[9] *See Chung v. Lamb*, 2018 WL 7141325, *2 (D. Colo. 2018) ("[a]lthough the text of Rule 37(a)(5)(A) refers only to 'the motion,' attorneys' fees are also recoverable for expenses incurred by responding to subsequent challenges to the original order"); *Blair v. CBE Group,* 2014 WL 4658731, at *2 (S.D. Cal. 2014) ("District courts have routinely awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 37 for fees incurred in responding to a Rule 72(a) objection."); *MAS, Inc. v. Nocheck, LLC*, 2011 WL 1135367, at *4 (E.D. Mich. 2011) (awarding fees and costs in responding to magistrate judge's order, as they were "incurred in making the [Rule 37] motion"); *Catapult Comm. Corp. v. Foster*, 2009 WL 2707040, at *2 (N.D. Ill 2009) (rejecting as "specious" the argument that the court could not impose costs for costs of responding to reconsideration motion on the grounds that Rule 37 expressly refers only to the original motion to compel); *Brandon v. D.R. Horton, Inc*., 2008 WL 209683, at *3 (S.D. Cal. 2008) (granting "attorneys' fees accumulated in opposing plaintiff's Objection" to magistrate judge order where plaintiff's original position was not substantially justified).

[10] 2021 WL 4844058, at *6 (emphasis added).

As a consequence of this Order, the only issue remaining in the action is *amount* of Defendant's reasonable fees, not *whether* the award should issue.

Defendant's motion seeks an award of $45,304.50 in fees, reflecting 118.1 hours of time expended by six attorneys, at hourly rates which range from $185 to $625 per at hour. These rates were separately determined to be reasonable by the Magistrate Judge in her order setting the amount of TAR costs to be imposed.[11] Plaintiff's opposition to the application is limited to the contention, noted above, that no award at all should be granted; and Plaintiff "does not challenge the amount of attorney's fees that Spirit claims it is owed in the Additional Application."[12]  The Court denies the objection, finds the amount requested by Defendant reasonable, and grants the relief requested.

**IT IS THEREFORE ORDERED** that Defendant's Application for Attorney Fees (Doc. 599) is hereby **GRANTED**.

**IT IS SO ORDERED.**

Dated this 28th day of January, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[11] Doc. 465, at 36.

[12] Doc. 606, at 2.